IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 6, 2003 Session

## ROBERT FRED JONES, JR., ET AL. v. VICK IDLES

**Interlocutory Appeal by Permission from the Court of Appeals**
**Circuit Court for Anderson County**
No. 98LA0255    William E. Lantrip, Chancellor, Sitting by Interchange

_____

**No. E2001-02833-SC-S09-CV - Filed September 8, 2003**

_____

We granted this appeal to determine whether the chancellor correctly granted a new trial after finding that the jury's allocation of ninety percent of the fault to the plaintiffs and ten percent of the fault to the defendant was against the weight of the evidence and that the evidence supported "a defense verdict for both sides." A majority of the Court of Appeals concluded that the chancellor correctly granted a new trial on both the plaintiffs' claim and the defendant's counterclaim and affirmed the judgment of the trial court. After reviewing the record and applicable authority, we agree with the Court of Appeals and hold that the chancellor properly granted a new trial after finding that the jury's allocation of fault was against the weight of the evidence in his role as the thirteenth juror. Accordingly, we affirm the judgment.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Court of Appeals Affirmed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Jerry Shattuck, Clinton, Tennessee, for the appellant, Vick Idles.

Terrill L. Adkins, Knoxville, Tennessee, for the appellees, Robert Fred Jones and Virginia Leigh Jones.

**OPINION**

On March 31, 1998, at approximately 1:45 p.m., the plaintiff, Robert Fred Jones, was driving a 1988 Dodge automobile approaching the intersection of Charles Seivers Boulevard with Longmire Road in Clinton, Anderson County, Tennessee. At the same time, the defendant, Vick Idles, was driving a 1996 GMC truck toward the same intersection, which was controlled by a traffic light. The vehicles collided in the intersection. Thereafter, Jones and his wife, Virginia Leigh Jones, filed a

complaint in the Circuit Court of Anderson County, alleging that Idles had failed to stop at the red light and collided with their automobile, causing personal injuries and loss of consortium for which they sought damages. Idles filed a counterclaim alleging in turn that Robert Jones had run the red light and had failed to keep a proper lookout, which caused him injuries and damages.

Later, at a trial on the issue of liability,[1] the jury allocated ninety percent of the fault to Jones and ten percent of the fault to Idles. The chancellor entered an order after the verdict dismissing the complaint filed by Robert and Virginia Jones and finding that the counter complaint filed by Idles was "sustained by the proof." After a hearing on the Jones's motion for a new trial, however, the chancellor decided:

> [A]cting as the 13th juror, the Court finds that the 90 percent, 10 percent there – I thought that they were credible witnesses for both sides to be quite honest with you. And that it would have been an impossible job for this jury to come back with anything but a defense verdict for both sides of the complaint.
>
> For that reason, and that reason alone, the Court grants a new trial.

(Emphasis added).

Likewise, the chancellor's order granting the new trial stated that "the Court further finds, in the exercise of its function as the thirteenth juror, that neither the plaintiffs [Robert and Virginia Jones] nor the counter plaintiff [Vick Idles] carried the burden of proof in this cause and it would have been an impossible job for the jury to come back with anything but a defense verdict for both sides." Accordingly, the chancellor granted a new trial "with all issues in the Complaint and Counter Complaint to be retried."

Idles filed an application for interlocutory review, which was granted by both the Chancery Court and the Court of Appeals. Tenn. R. App. P. 9.[2] After argument, a majority of the Court of Appeals held that the chancellor correctly granted both parties a new trial after finding that the chancellor disagreed with the jury's verdict in his capacity as the thirteenth juror. The dissent, however, concluded that Robert and Virginia Jones failed to establish any basis for relief under comparative fault principles because the jury's verdict and the chancellor's findings indicated that Robert Jones was at least fifty percent or more at fault.

We granted the defendant's application for permission to appeal.

---

[1] The trial court had entered an "Order of Bifurcation" stating that the liability issues between the parties would be tried separately from issues regarding damages.

[2] Idles argued that the trial court erred in granting a new trial on the Jones's complaint, but he did not contest the trial court's grant of a new trial on his counterclaim.

# ANALYSIS

The defendant, Vick Idles, argues that the plaintiffs, Robert and Virginia Jones, were not entitled to a new trial because they failed to establish any basis for relief on their complaint. Idles reasons that because the jury found that Robert Jones was ninety percent at fault and the chancellor implicitly found that Jones was at least fifty percent at fault, the plaintiffs are not entitled to a second opportunity to establish that their percentage of fault was less than fifty percent to recover under comparative fault principles. See McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992). Conversely, the plaintiffs argue that the chancellor properly granted a new trial because a trial court is not allowed to reallocate the percentages of fault determined by the jury once it disagrees with the weight of the evidence as the thirteenth juror. See Tenn. R. Civ. P. 59.06.

In McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), this Court adopted a system of modified comparative fault under which a trier of fact must apportion fault among the parties to a lawsuit. Under this system, a plaintiff may recover damages *only* where a trier of fact determines that the plaintiff's percentage of fault is *less than* that of the defendant, and the plaintiff's recovery of damages must be reduced in proportion to his or her percentage of fault. McIntyre, 833 S.W.2d at 57. In contrast, a plaintiff who has been determined by the trier of fact to be fifty percent or more at fault may not recover any damages at all. Id.

In Turner v. Jordan, 957 S.W.2d 815 (Tenn. 1997), this Court determined that a trial court may not reallocate the percentages of fault that have been determined by a jury under the principles adopted in McIntrye. Turner, 957 S.W.2d at 823-24. We reasoned that

> [s]ince liability is inextricably bound up with the apportionment of damages under the doctrine of comparative negligence, this matter must be left to the jury. When the percentages of liability are contrary to the manifest weight of the evidence, the trial court must treat this defect as an error in the finding of liability itself.

Id. at 824 (quoting Rowlands v. Signal Const. Co., 549 So.2d 1380, 1382-83 (Fla. 1989)).[3] Accordingly, we concluded that where a trial court disagrees with the weight of the evidence in its role as the thirteenth juror, the "only remedy is to order a new trial on all issues affected by the error." Turner, 957 S.W.2d at 824.

The Court of Appeals properly applied these principles in Fye v. Kennedy, 991 S.W.2d 754 (Tenn. Ct. App. 1998), a case in which the jury allocated ninety percent of the fault to a defendant who had settled with the plaintiff, one percent of the fault to a co-defendant, and nine percent of the fault to the plaintiff's decedent. The trial court upheld the jury's ninety percent allocation of fault to the settling defendant but ordered a new trial to reapportion fault between the co-defendant and

---

[3] We distinguished a trial court's statutory authority to correct an award of damages through remittitur and additur procedures. Turner, 957 S.W.2d at 824.

-3-

the plaintiff's decedent.  The Court of Appeals observed that the trial court's ruling violated <u>Turner</u> because it effectively reallocated the jury's determination of the co-defendant's fault:

> We believe that <u>Turner</u> precludes even a partial reallocation of a jury's finding as to comparative fault.  Under <u>Turner</u>, a trial judge, who, in his or her role as the thirteenth juror, cannot approve some part of the jury's determination with respect to comparative fault is limited to granting a new trial.

<u>Fye</u>, 991 S.W.2d at 762.[4]

In our view, the Court of Appeals' majority correctly applied the <u>Turner</u> and <u>Fye</u> decisions in the present case.  The chancellor reviewed the evidence in his role of thirteenth juror and clearly found that the jury's verdict was not supported by the weight of the evidence; indeed, the chancellor twice stated that the evidence only "supported a defense verdict" on the complaint and the counterclaim.  Although the chancellor did not make specific findings, he ordered a new trial on "all issues in the Complaint and [the] Counter Complaint."  In short, the chancellor's actions as the thirteenth juror were consistent with <u>Turner</u>.

Idles' argument that the chancellor erred in granting a new trial to both him and Jones is misplaced.  First, there is no reasonable basis upon which to conclude that Idles is entitled to a new trial on the counterclaim but that Robert and Virginia Jones are not entitled to a new trial on their complaint.  Such a conclusion would require this Court to accept the chancellor's finding that the plaintiffs failed to establish their claim but ignore the chancellor's identical finding that Idles failed to establish his counterclaim.  Moreover, as the Court of Appeals' majority correctly observed, such a holding would likely result in two separate trials before two separate juries allocating fault in the same case between the same two parties with the potential for fault exceeding one hundred percent.  In short, the granting of a new trial for both parties under <u>Turner</u> prevents these absurd results.

We also disagree with the Court of Appeals' dissenting view that the procedural posture of this case warrants a different rule than that expressed in <u>Turner</u>.  On the contrary, once the chancellor found that the jury's verdict was against the weight of the evidence, the defect was an "error in the finding of liability itself."  <u>Turner</u>, 957 S.W.2d at 824.  The premise that the chancellor found Robert Jones to be at least fifty percent at fault is inherently flawed since a trial court, after finding that a jury's verdict is against the weight of the evidence in its capacity as a thirteenth juror, may not go further and reallocate the fault.  Moreover, any inference that the jury and the chancellor found that the claim was not established under comparative fault principles cannot be drawn.  Similarly, granting a new trial to both parties does not disturb the integrity of the jury's verdict given that the jury's verdict was found by the chancellor to be against the weight of the evidence and therefore

---

[4] As the Court of Appeals correctly observed, the trial court's ruling was made prior to this Court's decision in <u>Turner</u>.

flawed. Instead, granting a new trial to both parties will permit a jury to consider the evidence and determine the liability issues between the parties under comparative fault principles.

Accordingly, we reiterate our conclusion expressed in earlier cases that where a trial court acting as the thirteenth juror finds that the jury's allocation of fault is unsupported by the weight of the evidence, the only remedy is the granting of a new trial. The trial court may not reallocate the percentages of fault between the parties either in whole or in part. The chancellor correctly granted a new trial in the present case.

## CONCLUSION

After reviewing the record and applicable authority, we agree with the Court of Appeals' majority and hold that a new trial must be granted whenever the trial court, acting as the thirteenth juror, disagrees with a jury's comparative fault allocation. We therefore affirm the judgment. Costs of the appeal are taxed to the appellant, Vick Idles, for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE