Jerry CARLEW *v.* Evie WRIGHT

02-1387                                                                148 S.W.3d 237

Supreme Court of Arkansas
Opinion delivered February 19, 2004

[Rehearing denied April 1, 2004.*]

---

* DICKEY, C.J., and HANNAH, J., not participating.

*David A. Hodges*, for appellant.

*McMath Woods, PA*, by: *Paul E. Harrison*; and *John Patterson*, for appellee.

R AY THORNTON, Justice. On May 5, 1999, a vehicle driven by appellant, Jerry Carlew, collided with an automobile driven by appellee, Evie Wright. The accident occurred when appellant pulled out of a parking lot and attempted to cross two eastbound lanes of Race Street in Searcy in order to complete a left turn into two westbound lanes. After exiting the parking lot, appellant's vehicle was struck in the second eastbound lane by appellee's automobile. A truck was traveling in the first eastbound lane beside. appellee's automobile. Because the truck was between them, neither appellant nor appellee saw each other until the vehicles were close together in appellee's eastbound lane.

On August 11, 2000, appellee filed a negligence action against appellant. In her complaint, appellee alleged that appellant's negligence during the accident caused her to suffer injuries and to incur damages. In August of 2002, a jury trial was held to consider appellee's complaint. After hearing the evidence, the jury found in favor of appellee and awarded her $72,000 in damages. In

its apportionment of liability, the jury found appellant to be sixty percent at fault and appellee to be forty percent at fault. Based on this apportionment, appellee's damages were reduced to $43,200.

On August 21, 2002, appellee filed a motion seeking a new trial. In her motion, appellee argued that the jury's verdict was not supported by a preponderance of the evidence. After holding a hearing on appellee's motion, the trial court entered an order granting the request for a new trial.

It is from this order that appellant appeals. We affirm the trial court's order granting a new trial.

■■ In his first point on appeal, appellant asserts that the trial court abused its discretion when it granted appellee's motion for a new trial. Rule 59 of the Arkansas Rules of Civil Procedure governs motions for a new trial. The Rule provides:

> A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: . . . (6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law.

*Id.* We have explained that when determining whether a new trial is merited pursuant to this rule, the trial court has limited discretion because it may not substitute its view of the evidence for the jury's except when the verdict is clearly against the preponderance of the evidence. *Young v. Honeycutt,* 324 Ark. 120, 919 S.W.2d 216 (1996). The trial court may grant a new trial when a miscarriage of justice has occurred. *Id.* In reviewing the trial court's granting of a motion for new trial, the test is whether the judge abused his or her discretion. *Id.* We have explained that this standard requires a showing of "clear" abuse, or "manifest" abuse by acting improvidently or thoughtlessly without due consideration. *Id.* Finally, we have noted that a showing of abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Id.*

Mindful of the applicable standard of review, we must consider whether the trial court abused its discretion when it granted appellee's motion for a new trial. In its order granting appellee's motion, the trial court wrote:

> After hearing the arguments of counsel, carefully considering all applicable pleadings, attached exhibits, and the evidence as adduced at the time of trial, the court makes the following findings:

(1) That the verdict of the jury was clearly contrary to the preponderance of the evidence, to the degree that it shocked the court, and resulted in a miscarriage of justice.

A review of the evidence presented at trial is useful in our determination of whether the trial court abused its discretion in granting appellee's motion for a new trial. At trial, appellant explained how the accident occurred. He testified that prior to the accident, he was at a stop sign attempting to turn left out of a parking lot, and that he was planning to travel in a westbound direction. Appellant characterized the traffic as heavy and explained that he could not see appellee's car because a truck was in a lane between the two vehicles. After waiting briefly, he pulled out into traffic and encountered appellee's vehicle, which was traveling in the eastbound inside lane. Appellant noted that appellee's automobile was "very close" before he saw it and that appellee did not have an opportunity to avoid the collision. He testified that the accident was an "error in judgment" on his part. Appellant also testified that he believed that appellee "did nothing wrong in the operation of her vehicle."

Officer Charlie Perry, from the Searcy Police Department, investigated the accident and testified about his findings during the trial. At the scene of the accident, appellant informed Officer Perry that the accident occurred when he was attempting to make a left turn out of the parking lot. Appellant told Officer Perry that when he turned into the eastbound traffic, his view was obstructed and that he did not see a vehicle in the inside lane. Officer Perry also testified that the debris from the accident was found in the inside eastbound lane.

Appellee also described the accident. She testified that prior to the accident she was traveling eastbound at a rate of thirty-five miles per hour. Appellee was driving beside a truck, which was in the outside eastbound lane, and explained that she did not see appellant's automobile until it was "directly in front" of her, immediately before the collision occurred.

At the close of the evidence, the trial court gave the following jury instructions:

In determining whether the driver of a motor vehicle was negligent you may consider the following rules of the road:

It is the duty of the driver of a motor vehicle to keep a lookout for other vehicle or persons on the street or highway. The lookout

required is that which a reasonably careful driver would keep under circumstances similar to those shown by the evidence in this case.

A failure to meet the standard of conduct required by this rule is negligence.

There was in force in the State of Arkansas at the time of the occurrence a statute which provided:

The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on the highway.

A violation of this statute, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in the case.

After reviewing the evidence presented at trial, and after considering the foregoing jury instructions, we conclude that the trial court did not abuse its discretion in granting appellee's motion for a new trial and in finding that the verdict was clearly contrary to the preponderance of the evidence. The trial court did not abuse its discretion because the overwhelming evidence established that appellant's negligence was the cause of the accident. Specifically, the evidence established that appellant's failure to maintain a proper lookout and his failure to yield the right-of-way to appellee's vehicle caused the accident. No evidence was presented that would have attributed any of the liability to appellee[1]. In fact, appellant testified that appellee was not at fault and that an error in his judgment led to the accident. Notwithstanding this lack of evidence, the jury apportioned forty percent of the fault for the accident to appellee. Under these circumstances, we cannot say that the trial court abused its discretion in granting appellee's motion for a new trial. *See Carr v. Woods*, 294 Ark. 13, 740 S.W.2d 145 (1987) (holding that a new trial was properly granted when the verdict was clearly against the preponderance of the evidence in a case in which the jury was given a comparative-fault instruction);

---

[1] We note that appellant argues that the jury's apportionment of fault was correct because appellee testified that she was born "legally blind," a condition that has been corrected by prescription lenses since appellee was in the second grade. However, no evidence was presented to establish a link between appellee's eyesight and the accident.

*see also Connor v. Bjorklund,* 833 A.2d 825 (R.I. 2003); *Jones v. Idles,* 114 S.W.3d 911 (Tenn. 2003); *Barnard v. Himes,* 719 N.E. 2d 862 (Ind. 1999)[2].

In his second point on appeal, appellant contends that the trial court erred when it entered an order making certain findings. Appellant asserts that these findings were erroneous because they were entered "without conducting a hearing and based solely on comments made by [appellee's] counsel." The challenged findings were made in an order granting appellant's motion for a continuance. Appellant requested a continuance because Farm Bureau did not enter its appearance as appellant's counsel until approximately one month before the case was scheduled for trial. Farm Bureau's late entry into the case was based on a prior erroneous determination that appellant's policy did not cover the accident. When Farm Bureau discovered the error, an entry of appearance was filed by appellant's attorney, who also filed a motion seeking to continue the trial. A hearing was held on the motion. During the hearing, appellant's attorney outlined the events surrounding Farm Bureau's actions. Thereafter, the trial court granted appellant's motion for a continuance and made findings that criticized Farm Bureau's delay in not timely acknowledging coverage, and suggested that a hearing on sanctions could be held.

■ A review of the hearing held on appellant's motion for a continuance demonstrates that appellant's attorney was able to adequately explain the circumstances surrounding Farm Bureau's actions and its late entrance into the case. Additionally, we note that there was no hearing held or order entered in which sanctions were imposed upon Farm Bureau. Moreover, there was no evidence to establish that the challenged findings impacted the trial in any respect. Based on appellant's failure to show that the trial court's findings were prejudicial, and noting that the continuance requested by appellant was granted, we affirm the trial court. *See Robinson v. Abbott,* 292 Ark. 630, 731 S.W.2d 782 (1987) (holding that absent a showing of prejudice we will not reverse).

---

[2] On November 24, 2003, appellant's attorney filed a motion requesting that we take notice of *Dovers v. Stephenson Oil Co.,* 354 Ark. 695, 128 S.W.3d 805 (2003), in our consideration of this appeal. We have reviewed *Dovers,* and have determined that it is not dispositive of any issue involved in this case.

■ In his third point on appeal, appellant argues that there was not substantial evidence to support the jury's verdict on the issue of whether appellant was acting within the scope of his employment at the time of the accident. This issue is based on language found in Ark. Code Ann. § 21-9-301 (Supp. 2003), which provides that appellant, as a county judge, is entitled to immunity from liability and from suit for damages except to the extent that he is covered by liability insurance. We have applied this immunity to employees of political subdivisions who were performing their officials duties at the time the alleged acts of negligence occurred. *See Cousins v. Dennis,* 298 Ark. 310, 767 S.W.2d 296 (1989). Thus, if it was determined that the accident occurred while appellant was performing his official duties as a county judge, he would be immune from liability and damages beyond the limits of the liability insurance. Evidence was presented to the jury regarding appellant's actions prior to the accident and the issue was submitted to the jury. The jury concluded that a preponderance of the evidence did not establish that at the time of the accident appellant was acting within the scope of his employment as a county judge.

■■ Appellant's challenge to the jury's verdict was not properly preserved for our review because he failed to move for a directed verdict on this issue during or after the trial. We have held that the appropriate time to challenge the sufficiency of the evidence to support each element of a cause of action is by a directed-verdict motion. *See Wal-Mart Stores, Inc. v. Tucker,* 353 Ark. 730, 120 S.W.3d 61 (2003). The failure to move for a directed verdict at the conclusion of all the evidence, or to move for judgment notwithstanding the verdict, because of insufficiency of the evidence, will constitute a waiver of any question pertaining to the sufficiency of the evidence to support a jury verdict. *Id.*

■ In this case, appellant's attorney made general motions for directed verdicts on the issues of liability and damages at the close of his case-in-chief, and he renewed those motions at the close of appellee's case-in-rebuttal. These general motions did not address the issue of appellant's statutory immunity. Because appellant failed to make a motion for a directed verdict on the issue of appellant's immunity pursuant to Ark. Code Ann. § 21-9-301, this issue has been waived, and we do not consider it on appeal.

■ Appellant also contends that the trial court erred by refusing to allow a proffer of certain evidence. Rule 103 of the Arkansas Rules of Evidence governs the proffer of evidence. A trial court's failure to allow a proffer of excluded evidence has been held to be erroneous. *See Jones v. Jones*, 22 Ark. App. 267, 739 S.W.2d 171 (1987). However, we have noted that the trial court may control the form and the time of the proffer. *See Arkansas Valley Electric Cooperative Corp. v. Davis*, 304 Ark. 70, 800 S.W.2d 420 (1990).

■ In the case now before us, appellant identifies two occasions in which the trial court "refused" to allow proffers. First, appellant argues that the trial court refused to allow a proffer of testimony from several nurses, who worked with appellee, and who had encountered medical problems, but were able to continue working as nurses. The trial court did not permit their testimony because it concluded that the testimony would be irrelevant and that it was more prejudicial than probative. When the trial court made this determination, appellant's attorney requested to proffer the proposed testimony and the trial court denied the request, but noted that it would allow the proffer at a later time. At the conclusion of the trial, appellant's attorney was permitted to proffer the excluded testimony. Because appellant was permitted to proffer the testimony, and because he has failed to establish that a delay in the proffer was prejudicial, we affirm the trial court.

■ Next, appellant argues that the trial court erred by refusing to allow him to state his specific objections to the holding of a pretrial hearing. The hearing was held to determine the admissibility of medical evidence. A review of the relevant colloquy establishes that while the trial court declined to allow appellant to present verbal arguments in support of his objections to the pretrial hearing, the trial court gave appellant's attorney the opportunity to put his objections in written form and to submit them to the trial court. The record reveals that appellant's attorney failed to file a written objection to the trial court's decision to hold the pretrial hearing.

The record also reveals that appellant's attorney participated fully in the pretrial hearing. Because appellant has failed to demonstrate that the trial court's action caused him to suffer prejudice, we affirm the trial court on this issue.

The remaining allegations of error raised by appellant involve various evidentiary rulings. In our review of such issues, we are asked to determine whether the trial court abused its discretion. *See Columbia National Ins. Co. v. Freeman*, 347 Ark. 423, 64 S.W.3d 720 (2002). A determination of whether the trial court abused its discretion on an evidentiary matter is factually intensive. Because we recognize that the facts surrounding these matters may change during the new trial of this case, we decline to review the trial court's evidentiary rulings in this appeal.

Affirmed.

DICKEY, C.J., and HANNAH, J., not participating.