ARKANSAS STATE HIGHWAY COMMISSION *v.*
Wallace F. WOOD and Evelyn Wood, Trustees of the Wood
Revocable Trust

CA 07-1118                                                    285 S.W.3d 256

Court of Appeals of Arkansas
Opinion delivered May 28, 2008

Robert L. Wilson, Chief Counsel; and J. Ted Blagg, Staff Attorney, for appellant.

Rieves, Rubens & Mayton, by: Lawrence W. Jackson, for appellees.

SARAH J. HEFFLEY, Judge. In this eminent-domain case, the Arkansas State Highway Commission (Commission) brings an appeal from the trial court's order granting a new trial on the issue of just compensation to appellees, Wallace F. Wood and Evelyn F. Wood, trustees of the Wood Revocable Trust (Trust). For reversal, the Commission argues that the trial court erred in concluding that the jury's verdict was clearly contrary to the preponderance of the evidence. We affirm the trial court's decision.

The Trust owns land on either side of Highway 63 in Poinsett County. Specifically, it owns a triangular-shaped, 15.69-acre tract to the north and east of the highway, and an elongated, 528-acre tract directly across the road to the south and west. In 2004, the Commission made plans to convert Highway 63 into a non-access facility in connection with the Highway 118 Interchange project near Tyronza in preparation for Interstate 554. It then commenced proceedings to condemn the access rights of the 15.69-acre tract to Highway 63, but not the access rights lost by the 528-acre tract. In a separate action, the Trust obtained an injunction to prohibit the Commission from taking the access rights of the 528-acre tract to Highway 63 without bringing a condemnation action. By agreement, the two cases were consolidated, and the injunction was dissolved.

At trial, Donald Bearden, the Commission's appraiser, testified that the project left the 15.69-acre tract landlocked and completely without access. His opinion was that the highest and best use of the property was commercial and that before the taking the land had a value of $3,200 an acre, and after the taking it had a value of $250 an acre. Accordingly, his estimate of just compensation in before-and-after value was $46,250.

Mr. Bearden stated that the highest and best use of the 528-acre tract was agricultural, and he assigned a value of $1,800

an acre for the tract. However, he maintained that the value of this parcel was not affected by the loss of access to Highway 63 because the property could be accessed at its south end by Highway 322. He did estimate $5,000 as a "cost to cure" for replacing a culvert for the access point at Highway 322.

Bearden further testified that regulations required the landowner to be given the opportunity to inspect the property with him, but no one representing the Trust was afforded that privilege when he inspected the 528-acre tract. Bearden said that when he inspected this property he only went a short distance into the field because he did not want to damage the wheat crop growing on the land. He had no knowledge of how the tract was farmed or how farming equipment entered and left the field during planting and harvesting seasons.

Lewis Wood farmed the land for the family trust for almost thirty years until 1998 when he retired after suffering a second heart attack. To summarize his testimony, the 528-acre tract was divided in two parts by a slough that held water and remained wet, especially in the spring and fall. Although Highway 322 provided easy access to the southern portion of the tract, that highway did not provide access to the northern 378 acres because of the slough, the distance (a mile and three quarters), and the lack of a road connecting the two parts. Because of these obstacles, Highway 63 had been depended upon to access the 378 acres to the north with heavy equipment and trucks that were necessary to service water wells and other farming vehicles.

Mr. Wood valued the 15.69-acre tract before the taking at $4,000 an acre and said that it was worth only $100 an acre after the taking because of the complete loss of access. Thus, he estimated the cost of just compensation to be roughly $61,200. He believed that the northern 378 acres of the larger tract had been damaged by the loss of access from Highway 63. He placed a value on the 378 acres at $2,750 before the taking and said that its value had been reduced to $1,500 an acre after the taking. He asked for just compensation in the amount of $472,500 for the loss of access to the larger tract.

The Trust's appraisers offered no opinion on the before-and-after value of the 15.69-acre tract. They agreed with Mr. Wood that the northernmost 378 acres of the larger tract had been severely damaged by the loss of access from Highway 63, and they both agreed that the 378 acres was valued at $1,750 an acre before

the taking, or $663,000, and that it had a value of $1,159 an acre after the taking, or $439,000. Thus, they stated that the 378 acres had been damaged in the amount of $224,000.

The jury returned a verdict of $51,250 for the loss of access to both tracts. The Trust filed a motion for a new trial, in which it argued that the assessment of damages by the jury was clearly the result of passion or prejudice because of inflammatory comments made by the Commission during closing arguments; that the jury's assessment of the amount of recovery was erroneous because it was outside the range of the value testimony; and that the jury's verdict was clearly contrary to a preponderance of the evidence. After conducting a hearing, the trial court concluded that the jury's verdict was clearly against the preponderance of the evidence. The Commission has brought this appeal from the order granting a new trial.

Rule 59 of the Arkansas Rules of Civil Procedure governs motions for a new trial and provides in relevant part:

> A new trial may be granted to all or any of the parties and on all or part of the claim on application of the party aggrieved, for any of the following grounds: . . . (5) error in the assessment of the amount of recovery, whether too large or too small; (6) the verdict or decision is clearly contrary to a preponderance of the evidence . . . .

When determining whether a new trial is merited pursuant to the rule, the trial court has limited discretion because it may not substitute its view of the evidence for the jury's except when the verdict is clearly against the preponderance of the evidence. *Switzer v. Shelter Mutual Ins. Co.*, 362 Ark. 419, 208 S.W.3d 792 (2005). In reviewing the trial court's granting of a motion for a new trial, the test is whether the trial court abused its discretion. *Carlew v. Wright*, 356 Ark. 208, 148 S.W.3d 237 (2004). We have noted that a showing of abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Id.*

The Commission contends that the trial court abused its discretion by granting the new-trial motion because it substituted its judgment for that of the jury. Appellant points out that the jury's verdict was consistent with the testimony of Mr. Bearden and that the jury rejected the opposing evidence presented by the Trust.

The jury found that $51,250 would compensate the Trust for the loss of access to both tracts. We agree with the Commission's assessment that the jury's verdict comports with the testimony of its appraiser, Mr. Bearden. He testified that the before-and-after value of the smaller tract was $46,250 and that the larger tract suffered no loss of access and thus no diminution in value, except for $5,000 for the placement of a culvert at the access point. When those sums are added together, the basis of the jury's verdict is clearly revealed. The Trust responds that the jury's verdict is flawed because the testimony of $5,000 as a "cost to cure" is not an appropriate measure of damages. It is true that evidence of the cost of improvements for restoration purposes is proper, but such expenditures are not the measure of damages, and are only an aid in determining the difference in the before-and-after value of the property. *Arkansas State Hwy. Comm'n v. Carpenter*, 237 Ark. 46, 371 S.W.2d 535 (1963). However, we believe that the trial court's decision must be affirmed because the record reflects that Mr. Bearden had no fair and reasonable basis for concluding that the value of the larger tract was not diminished by the loss of access to Highway 63.

■ When a witness gives his opinion as to damages, such testimony must be considered in connection with related facts upon which the opinion is based. *Ark. Hwy. Comm'n v. Byars*, 221 Ark. 845, 256 S.W.2d 738 (1953). Because a witness testifies as to a conclusion on his part does not necessarily mean that the evidence given by him is substantial, when he has not given a satisfactory explanation of how he arrived at the conclusion. *Id.* With these principles in mind, in *Arkansas State Highway Commission v. Ptak*, 236 Ark. 105, 365 S.W.2d 794 (1963), the supreme court ruled, as a matter of law, that the testimony of a witness as to value was not sufficient because the witness was not familiar with the physical facts concerning the property involved. The same conclusion was made in *Arkansas Power & Light Co. v. Furlong*, 250 Ark. 617, 466 S.W.2d 476 (1971), where the witness's testimony was based on a cursory view of the property. Here, Bearden's testimony shows that he was not familiar with the lay of the land. He tread only a short distance onto the property from the southern entrance and did not encounter the slough that physically split the property in two. It is clear to us that Bearden assumed that the entire 528-acre tract could be fully accessed from the south, and based on that faulty assumption, he reached the conclusion that the larger tract had not diminished in value by the loss of access to the

north. Because the jury obviously relied on Bearden's testimony, which is contrary to the physical facts, we find no abuse of discretion in the trial court's decision to grant a new trial.

We are cognizant of the Trust's argument that we should affirm the trial court's decision on the ground that the Commission failed to bring up a record sufficient for us to review because the record does not include closing arguments. The Trust points out that it asserted in its motion for a new trial that the jury was improperly influenced by inappropriate comments made by the Commission's attorney during closing argument, and it contends that the Commission's failure to include closing arguments has prevented it from urging that issue as an alternative basis for upholding the trial court's decision to grant a new trial.

■ In its notice of appeal, the Commission designated the entire record to be brought up on appeal. However, the record does not include closing arguments, and an abstractor's note in the Commission's brief states, "[a]s the closing statements were purposely not ordered transcribed and there is no point in contention about closing statements, they are not abstracted." In *Jones v. Adcock,* 233 Ark. 247, 343 S.W.2d 779 (1961), the appellant designated the entire record for appeal but later amended the notice of appeal to severely limit the record to be brought up on appeal. The appellee was not favored with notice of the amended designation, and the supreme court dismissed the appeal after finding that the appellee was prejudiced by the appellant's action. Here, the Commission also made a unilateral decision to limit the record on appeal without notice, which was error. We perceive no prejudice to the Trust, however, because we have affirmed the trial court's decision for the reasons stated above.

Affirmed.

GRIFFEN and GLOVER, JJ., agree.