2010 Ark. 52

**W.E. PENDER & SONS, INC., d/b/a Acklin Drilling, Appellant/Cross–Appellee,**

v.

**Burton LEE, Appellee/Cross–Appellant.**

No. 09–476.

Supreme Court of Arkansas.

Feb. 4, 2010.

Aylmer Gene Williams, Little Rock, for appellant.

Jennifer Wethington Merritt, Steven W. Quattlebaum, Little Rock, for appellee.

DONALD L. CORBIN, Justice.

█ ⌊This case is before us on a petition for review from a 5–4 decision of the Arkansas Court of Appeals, reversing the Perry County Circuit Court's order granting Appellee/Cross–Appellant Burton Lee a new trial after a jury returned a verdict in favor of Appellant/Cross–Appellee, W.E. Pender & Sons, Inc., d/b/a Acklin Drilling.[1] *W.E. Pender & Sons, Inc. v. Lee,* 2009 Ark. App. 283, 308 S.W.3d 624. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. *Roberts v. Roberts,* 2009 Ark. 567, 349 S.W.3d 886. On appeal, Pender argues that the circuit court abused its discretion in granting Lee a new trial. Lee cross-appeals the order of the circuit court excluding certain deposition testimony at trial. We affirm on direct appeal and affirm on cross-appeal.

⌊Lee hired Pender to drill a well on a portion of Lee's property located in Bigelow. As part of the process, Pender employees placed fiberglass mats, known as Mud Traks, around the drilling site. The mats, which were used to provide traction for the heavy trucks used in the drilling process, resemble sheets of plywood, measuring four feet by eight feet, and weighing approximately 110 pounds. The mats were needed because the ground was saturated and muddy.

After the well was completed, Jonathan McGinty, a Pender employee, began to back up a pipe truck, causing one of the fiberglass mats to fly out from under the truck's rear tire and strike Lee, who was standing nearby. As a result, Lee sustained injuries to his leg.

Lee filed a negligence action against Pender, alleging that his injuries were a direct and proximate result of Pender's failure to exercise ordinary care in the drilling operation and setup. The matter proceeded to a jury trial, which was held on August 28–29, 2007. At trial, Lee testified that Pender employees placed Mud Traks behind each rear wheel of the pipe truck, extending past the drilling site. Lee stated that after the well was built there was some slag around the wellhead that he removed with his tractor. Afterward, according to Lee, he pulled his tractor over to the side, while McGinty got in and started the truck. Lee stated that he

---

1. Pender & Sons purchased Acklin Drilling in 2002.

heard a sound like an engine racing up and then all of a sudden one of the mats flew out and hit him.

McGinty testified that the pipe truck was driven in and placed a specified distance from the drilling site, where it sat all day. McGinty stated that when he later began to move the 3 pipe truck, he cranked the engine, waited two or three minutes for air pressure to build up for the brakes, and tried to back up but the truck would not move. According to McGinty, he gently let out the clutch until he felt the transmission catch and then gently laid off the brake while holding steady on the accelerator. He further denied ever gunning the motor or hearing the engine roar. McGinty reiterated that the pipe truck did not move that day. He stated that he did not see Lee get hit but did see Mr. Acklin cringe and run toward the side where Lee was standing. McGinty also stated that he had never seen a mat spin out, but had seen one slowly slip out.

Travis Acklin testified that even though he sold his drilling company to Pender in 2002, he stayed on and continued working for Pender. Acklin stated that in his seven years of using the Mud Traks there had never been an accident where someone was hurt while using the mats. Acklin stated that he did not recall anyone moving the pipe truck but after looking at some of the photographs and seeing the well underneath the pipe truck, he believed that the truck was moved approximately five feet prior to the time when McGinty moved it and the mat slipped out. According to Acklin, as McGinty engaged the clutch, the wheels of the truck spun out for just a second, causing the mat to fly out and hit Lee. Acklin admitted that his trial testimony regarding whether the truck was moved or not might have been different from testimony he gave in a prior deposition.

At the conclusion of the trial, the jury returned a verdict in favor of Pender. Thereafter, Lee filed a motion for new trial, arguing that there was newly discovered evidence 4 material to the issues of liability and causation that he discovered after the jury rendered its verdict that could not, with reasonable diligence, have been discovered prior to trial. Specifically, Lee argued that Pender's defense throughout the trial had been that its employees exercised due care and the event was nothing more than a freak accident and that evidence newly discovered by him related to issues of causation and liability and warranted a new trial. The evidence that Lee asserted was newly discovered was a statement made by McGinty to Lee after trial that he had not been truthful in his prior testimony and that he had "gunned" the engine. Attached to the motion for new trial was an affidavit by Lee that, among other things, recounted his conversation with McGinty and a letter that McGinty had delivered to Lee in a sealed envelope. That letter stated in relevant part:

After seeing the pictures in court on the 28–29 of August and trying to remember what happened the day of the accident. My testimony on the dates above were not completely true. I stated that the pipe truck was never moved after the well was completed. That was not true. At the beginning of the trial I was told the pipe truck was never moved. I couldn't remember so I assumed it wasn't. The accident happened a little over four years ago. I gave my deposition nineteen months ago. In order for me to remember everything I said in my deposition or events that happened on the day of accident, I would've needed copies of the deposition and copies of the photographs. I had neither! In my

opinion this is asking a lot from one person.

A hearing on the motion for new trial was held on October 10, 2007. Lee testified that after the trial McGinty sought him out and admitted to Lee that his trial testimony had not been truthful. According to Lee, McGinty told him that he had accelerated the engine and that was what caused the mat to spin out. Lee stated that McGinty offered to do anything he could to help and that he gave Lee a written statement.

McGinty also testified and disputed Lee's testimony. He stated that he did seek out Lee and apologized to him. According to McGinty, however, he never stated that he gunned the truck. McGinty testified that he told Lee the part of his testimony about the truck not being moved was inaccurate. McGinty further said the letter he gave Lee stated that, at the beginning of trial, he was told the pipe truck had never been moved, but McGinty couldn't remember where he learned that information. McGinty admitted that he had to accelerate the truck to get it to move but again denied that he gunned the engine. Finally, McGinty stated that if a new trial was granted, his testimony would be that the truck was moved prior to the accident, specifically that it had been moved back six or eight feet.

At the conclusion of the hearing, the circuit court issued an oral ruling granting Lee's motion for a new trial. A written order granting a new trial was entered on October 15, 2007. This appeal and cross-appeal followed.

■ Rule 59 of the Arkansas Rules of Civil Procedure governs motions for a new trial. The Rule provides in pertinent part:

A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: ... (7) newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

Ark. R. Civ. P. 59(a)(7) (2009). In reviewing the circuit court's granting of a motion for new trial, the test is whether the court abused its discretion. *Carlew v. Wright*, 356 Ark. 208, 148 S.W.3d 237 (2004). We have explained that this standard requires a showing of "clear" abuse, or "manifest" abuse by acting improvidently or thoughtlessly without due consideration. *Id.* Specifically, this court has stated that

[a]n abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. Discretion means that the rules are not inflexible, that there is some leeway in the exercise of sound judgment.

*Valley v. Phillips County Election Comm'n*, 357 Ark. 494, 498, 183 S.W.3d 557, 560 (2004) (citations omitted). Finally, we have noted that a showing of abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Carlew*, 356 Ark. 208, 148 S.W.3d 237.

■ On appeal, Pender argues that the circuit court abused its discretion in granting a new trial on the basis of newly discovered evidence.[2] Specifically, Pender

2. In advancing its arguments on appeal, Pender repeatedly notes that the circuit court granted the new trial without making any specific findings. The lack of any specific findings in the circuit court's order is irrelevant, as this court has recognized that the Rules of Civil Procedure contain no such requirement. *See Young v. Honeycutt*, 324 Ark.

argues that the evidence submitted by Lee did not qualify as newly discovered evidence and, at best, could only be considered impeachment evidence, which does not warrant the grant of a new trial. In addition, Pender asserts that even if the evidence qualifies as newly discovered evidence, such evidence would not have changed the result of the trial, as the ultimate issue in the case was whether the accident was foreseeable and there was ample evidence that this was nothing more than a freak accident. Lee responds that the circuit court did not abuse its discretion in granting the new trial.

A new trial based on newly discovered evidence is not a favored remedy, and the burden lies with the movant to show that the evidence could not with reasonable diligence have been discovered and produced at trial. *Piercy v. Wal–Mart Stores, Inc.,* 311 Ark. 424, 844 S.W.2d 337 (1993). The movant also bears the burden of showing that the new evidence is not merely impeaching or cumulative, and that it would probably have changed the result of the trial. *Id.* This court has defined newly discovered evidence to authorize a new trial as evidence that is relevant and material to the issue involved in the original case. *Forsgren v. Massey,* 185 Ark. 90, 46 S.W.2d 20 (1932).

The fact that new information has been discovered that might merely impeach or otherwise test the credibility of a witness is not sufficient reason to warrant a new trial. In *Lee v. Lee,* 330 Ark. 310, 954 S.W.2d 231 (1997), this court affirmed the denial of the appellant's motion for a new trial where the evidence claimed to be newly discovered was merely impeaching evidence. Likewise, in *Piercy,* 311 Ark. 424, 429, 844 S.W.2d 337, 339, this court

affirmed a circuit court's denial of a motion for new trial where the appellant admitted that he wished to use newly discovered evidence to "totally impeach Wal–Mart's manager." However, in *Carr v. Woods,* 294 Ark. 13, 740 S.W.2d 145 (1987), this court rejected the appellant's arguments as to why the circuit court abused its discretion in granting a new trial. In doing so, this court stated that because of the posture of the case, our review of the record, while independent, was influenced by the action of the circuit court because it is the court's exercise of discretion that we were required to review.

Remaining mindful of the aforementioned principles, we turn to the issue in this case. In discussing its reasoning for granting the new trial, the circuit court stated

[i]t's a close call on this particular one. I just think that the interests of justice are best served by utilizing the line of cases that say, I'm going to use my discretion, and we're just going to try it all over again.

And Mr. McGinty can say everything he believed happened, Mr. Lee can say what he says; everybody's got everybody's prior testimony for impeachment purposes; and then the jury can just make a decision.

. . . .

. . . Mr. McGinty now has an independent recollection that is significantly different, and I think the trier of fact needs to decide whether they think that makes a difference or not.

The circuit court reached its decision only after reviewing the applicable law and considering the testimony at the hearing. The circuit court recognized that it was a close call but determined that McGinty's

120, 919 S.W.2d 216 (1996). Moreover, Pender did not request the circuit court to make

specific findings following entry of the order granting a new trial.

independent recollection constituted new evidence, not just merely impeachment evidence. We cannot say that, in so doing, the circuit court acted improvidently or without due regard. In other words, Pender has failed to demonstrate that the circuit court abused its discretion, and its argument on this point thus fails.

■ On cross-appeal, Lee argues that the circuit court abused its discretion in excluding McGinty's deposition testimony that the accident was "our fault" on the basis that such testimony invaded the province of the fact-finder. According to Lee, this testimony was substantial evidence of Pender's liability. Pender argues that the court did not abuse its discretion, as admissions of fault are typically irrelevant. There is no merit to Lee's argument on cross-appeal.

■ We begin by noting that our standard of review requires that the circuit court be given broad discretion in evidentiary rulings, and that this court will not reverse a circuit court's ruling on the admissibility of evidence absent an abuse of that discretion. *Willis v. Crumbly*, 371 Ark. 517, 268 S.W.3d 288 (2007).

Rule 701 relates to opinion testimony by lay witnesses and reads as follows:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are

(1) Rationally based on the perception of the witness; and

(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

Ark. R. Evid. 701 (2009). Testimony in the form of an opinion or inference that is otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Ark. R. Evid. 704 (2009). This court has allowed opinion testimony, both lay and expert, that embraces the ultimate issue to be decided, as long as that opinion testimony does not mandate a legal conclusion. *See Thompson v. Perkins*, 322 Ark. 720, 911 S.W.2d 582 (1995); *Carton v. Missouri Pac. R.R.*, 303 Ark. 568, 798 S.W.2d 674 (1990). *See also Rosenow v. Alltel Corp.*, 2010 Ark. 26, 358 S.W.3d 879.

The following is the challenged excerpt from McGinty's deposition:

Q: And has Mr. Lee ever said to you whether this was or was not anyone's fault?

A. Well, it was our fault.

Q. Okay. Did he [Mr. Lee] ever say that to you?

A. I can't remember. But I think he knew.

We simply cannot say that the circuit court abused its discretion in determining that this portion of Mr. McGinty's deposition declaring fault was inadmissible. This declaration of fault went beyond embracing the underlying issue and mandated a legal conclusion, thus, invading the province of the fact-finder. Accordingly, we affirm on cross-appeal.

Affirmed on direct appeal; affirmed on cross-appeal. Court of appeals reversed on direct appeal; affirmed on cross-appeal.