Cite as 2023 Ark. 61

# SUPREME COURT OF ARKANSAS
**No.** CV-22-521

| | |
|---|---|
| CHRIS P. CORBITT, ESQ. | **Opinion Delivered:** April 13, 2023 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT |
| V. | |
| ARKANSAS GAME & FISH COMMISSION AND AUSTIN BOOTH, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE ARKANSAS GAME & FISH COMMISSION | [NO. 60CV-21-4994] HONORABLE ALICE S. GRAY, JUDGE |
| | AFFIRMED. |
| APPELLEES | |

**JOHN DAN KEMP, Chief Justice**

Appellant Chris Corbitt appeals a Pulaski County Circuit Court order denying his petition for writ of mandamus or other supervisory writ, granting a motion for judgment on the pleadings filed by appellees Arkansas Game and Fish Commission and Austin Booth, in his Official Capacity as Director of the Arkansas Game and Fish Commission, (collectively "AGFC"), and denying and dismissing Corbitt's complaint for declaratory judgment and injunctive relief. For reversal, Corbitt argues that the circuit court erred in misinterpreting Arkansas Code Annotated sections 5-73-122 (Supp. 2021), 5-73-306 (Supp. 2021), and 5-73-322 (Supp. 2021), which, he claims, allow holders of an "Enhanced Concealed Carry License" (ECCL) to enter state-owned buildings with a firearm. We affirm.

## I. *Facts*

AGFC controls and operates the AGFC Dr. James E. Moore, Jr. Camp Robinson Firing Range in Conway. A No Firearms in Range House sign was posted on the range house at the firing range.[1] Meanwhile, Corbitt applied for and obtained an ECCL. On August 14, 2021, Corbitt attempted to enter the range house with a concealed handgun. He was denied entry, even though he informed AGFC employees of his ECCL status. Corbitt left voluntarily and did not attempt to re-enter without his handgun.

On August 15, 2021, Corbitt filed a complaint in the Pulaski County Circuit Court against AGFC and its director, Austin Booth. He asserted claims for (1) relief under the Arkansas Declaratory Judgments Act; (2) liability under the Arkansas Civil Rights Act; (3) injunctive relief pursuant to Rule 65 of the Arkansas Rules of Civil Procedure; and (4) a violation of article 2, section 5 of the Arkansas Constitution. Specifically, Corbitt sought a declaration that holders of an ECCL may carry concealed firearms in AGFC buildings, range houses, and facilities, a declaration that AGFC acted illegally in refusing to permit his entrance, and an injunction prohibiting AGFC from denying ECCL holders entrance into AGFC buildings with firearms. Corbitt also sought attorneys' fees and costs.

On September 20, 2021, Corbitt filed a petition for writ of mandamus or other supervisory writ seeking to enforce laws that, he asserted, allow holders of ECCLs to enter AGFC offices. In that petition, Corbitt also stated that he was moving for summary judgment "to enforce [his] right as an Enhanced Concealed Carry Licensee to enter Fish &

---

[1]According to AGFC, the range house is a building at the firing range that provides customer service to the public.

Game offices with a concealed handgun." On March 25, 2022, AGFC filed a motion for judgment on the pleadings asserting that Corbitt's complaint was barred by sovereign immunity and, alternatively, stated no claim upon which relief could be granted because (1) AGFC is not a "public university, public college, or community college" that is subject to section 5-73-322, and AGFC has availed itself of exceptions in section 5-73-306; (2) section 5-73-322(h) only provides a right to be free from criminal prosecution and does not affect a property owner's fundamental, constitutional right to exclude persons from its property for non-discriminatory reasons; and (3) the statute cannot be constitutionally applied to AGFC under the separation-of-powers doctrine and amendment 35 to the Arkansas Constitution.

On April 25, 2022, the circuit court held a hearing on all pending motions. On May 24, it entered an order finding, "Upon consideration of all matters before it, the Court hereby denies Plaintiff's Motion/Petition for Writ of Mandamus or Other Supervisory Writ and grants Defendants' Motion for Judgment on the Pleadings. Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief is hereby denied and dismissed with prejudice." Corbitt timely filed a notice of appeal stating that he appealed the "circuit court order denying his motions."

## II. *Statutory Interpretation*

On appeal, Corbitt argues that the circuit court improperly denied his motion for summary judgment and improperly granted AGFC's motion for judgment on the pleadings on the basis of its misinterpretation of sections 5-73-122, 5-73-306, and 5-73-322, which,

3

according to Corbitt, allow holders of ECCLs to enter state-owned buildings and offices with a firearm.[2]

## A. Summary Judgment

As a preliminary point, AGFC asserts that the denial of Corbitt's motion for summary judgment is not an appealable matter. We need not address AGFC's assertion, however, because the circuit court's May 24, 2022, order does not contain a ruling on Corbitt's motion for summary judgment. Corbitt's failure to obtain a ruling on his motion precludes us from reviewing it on appeal. *See Douglas Companies, Inc. v. Walther*, 2020 Ark. 365, at 9, 609 S.W.3d 397, 402.

## B. Independent Grounds

AGFC also argues that this court should affirm the rest of the appeal without reaching the merits because Corbitt fails to challenge all the independent grounds on which the circuit court based its ruling. Again, AGFC argued that its motion for judgment on the pleadings should be granted for four reasons. Although the circuit court granted the motion and denied Corbitt's complaint for declaratory judgment and injunctive relief and his petition for writ of mandamus, it did not specify the basis for its decision.

In issuing a blanket ruling, a circuit court is deemed to have accepted all arguments advanced by the prevailing party. *Quarles v. Courtyard Gardens Health & Rehab.*, *LLC*, 2016 Ark. 112, at 9, 488 S.W.3d 513, 520. Further, when a circuit court bases its decision on

---

[2]On appeal, Corbitt pursues only his statutory-interpretation argument. He fails to advance his claims under the Arkansas Civil Rights Act and article 2, section 5 of the Arkansas Constitution. These claims are therefore considered abandoned on appeal. *See DePriest v. AstraZeneca Pharms., L.P.*, 2009 Ark. 547, at 9, 351 S.W.3d 168, 173.

more than one independent ground and the appellant challenges fewer than all those grounds on appeal, we will affirm without addressing any of the grounds. *United Food & Com. Workers Int'l Union v. Wal-Mart Stores, Inc.*, 2014 Ark. 517, at 6, 451 S.W.3d 584, 587.

Here, Corbitt does not address on appeal the argument advanced in AGFC's motion for judgment on the pleadings—that Corbitt failed to state a claim—because section 5-73-322(h) does not create an affirmative right for an ECCL holder to carry a firearm into places other than the public universities and colleges it referenced in subsection (g). Instead, it only exempts ECCL holders from certain "prohibitions and restrictions" that criminalize carrying concealed handguns into prohibited places but does not implicitly override the fundamental right of a property owner to exclude persons from its property for non-discriminatory reasons. Because Corbitt does not challenge all the grounds relied on by the circuit court in making its decision, we affirm without addressing the merits. *See Evangelical Lutheran Good Samaritan Soc'y v. Kolesar*, 2014 Ark. 279, at 6–7.

Affirmed.

WOMACK and WEBB, JJ., dissent.

**SHAWN A. WOMACK, Justice, dissenting.** Article 5, section 20 of the Arkansas Constitution states that "[t]he State of Arkansas shall never be made defendant in any of her courts." Absent a clear constitutional exception to the contrary, Arkansas courts lack jurisdiction to hear a case in which the State is a defendant.[3] Once litigation proceeds against

---

[3]*See Ark. Dev. Fin. Auth. v. Wiley*, 2020 Ark. 395, at 9, 611 S.W.3d 493, 500 (Baker, J., concurring) (noting that "sovereign immunity is jurisdictional immunity from suit"); *see also Bd. of Trs. of Univ. of Ark. v. Andrews*, 2018 Ark. 12, at 5, 535 S.W.3d 616, 619 ("Sovereign immunity is jurisdictional immunity from suit . . . .").

an immune defendant, the defendant has essentially lost this protection, regardless of the outcome. Although I generally agree with the dissent's analysis of how the issues were framed, we cannot move beyond the threshold issue that the State's immunity applies to Corbitt's claim. Therefore, because we lack jurisdiction, I would not address the merits.

I respectfully dissent.

**BARBARA W. WEBB, Justice, dissenting.** I dissent. I have carefully analyzed all of the arguments raised by appellant Chris Corbitt. It is apparent that he has challenged all the independent grounds raised by the Arkansas Game and Fish Commission (AGFC) in its motion for judgment on the pleadings. At this procedural stage, we are obligated to treat all of Corbitt's allegations as true and view them in the light most favorable to the party seeking relief. *Smith v. American Greetings Corp.,* 304 Ark. 596, 804 S.W.2d 683 (1991). Corbitt's syllogism is as follows: The range office is not a privately owned building, but rather a state office. Enhanced Concealed Carry licenses expressly allow a licensee to carry a concealed handgun in any state office. Therefore he is allowed by statute to carry a concealed handgun in the range building. Accordingly, this court should decide this case on the merits.

The majority claims that Corbitt does not address on appeal the argument that Arkansas Code Annotated section 5-73-322(h) (Supp. 2021) does not create an affirmative right for an Enhanced Concealed Carry License(ECCL) holder to carry a firearm into places other than the public universities and colleges it referenced in subsection (g). Instead, it only exempts ECCL holders from certain "prohibitions and restrictions" that criminalize carrying concealed handguns into prohibited places but does not implicitly override the fundamental right of a property owner to exclude persons from its property for non-discriminatory

6

reasons. I cannot agree.

Corbitt argues that Enhanced Concealed Carry Licensees may carry in a series of locations that Basic Concealed Carry Licensees (and unlicensed Arkansans) are not allowed to carry in, including the location specified in section 5-73-306(9): "[a]ny state office." Acknowledging the disputed argument, Corbitt asserts that AGFC "tries to get around this by invoking the provision that allows certain entities to post a sign precluding guns: § 5-73-306(18)." He asserts that the "fatal problem for Defendant" is that section 5-73-322 does not grant the defendant that ability; instead, it explicitly precludes it. Corbitt reiterates that section 5-73-322(h) provides:

> (h) A licensee who completes a training course and obtains a concealed carry endorsement under subsection (g) of this section is exempted from the prohibitions and restrictions on:
>
>> (1) Carrying a firearm in a publicly owned building or facility under § 5-73-122, if the firearm is a concealed handgun; and
>>
>> (2) Carrying a concealed handgun in a prohibited place [for Basic Concealed Carry Licensees] listed under § 5-73-306(7)-(12)[, with § 5-73-306(9) being "state offices")] . . . unless otherwise prohibited under § 5-73-306(19) or § 5-73-306(20).

(Alterations in original.)

Corbitt acknowledges that the statute allows private entities, the Arkansas State Hospital, the University of Arkansas for Medical Sciences, and collegiate athletic events to post signs to preclude ECCLs (as stated in section 5-73-306(19) and section 5-73-306(20)). However, he argues that section 5-73-322 does not allow any other public entities to post signs, because that right—found in section 5-73-306(18)—is not listed after the phrase

7

"unless otherwise prohibited under" in section 5-73-322(h)(2). He goes on to further explain that

> [i]n other words, section 5-73-322(h)(1) provides that an enhanced license holder "is exempted from the prohibitions and restrictions on[] [c]arrying a firearm in a publicly owned building or facility under [section] 5-73-122" unless that location is independently prohibited by § 5-73-306(19)—which allows private locations to prohibit concealed weapons by posting entryway signs—or § 5-73-306(20)—which only applies to the Arkansas State Hospital, UAMS, or collegiate athletic events. Critically, as can be readily seen, A.C.A. § 5-73-322 does not apply the sign exemption of § 5-73-306(18) to Enhanced Concealed Carry Licensees, which only allows public entities to put up signs precluding Basic Concealed Carry Licensees from carrying concealed handguns on premises. A.C.A. § 5-73-306(18) clearly does not apply to Enhanced Concealed Carry Licensees. Thus, Game & Fish's signs and rules that make no distinction for the fact that Enhanced Licensees are permitted to carry in all state offices are patently illegal.

(Alterations in original.) Corbitt cites Op. Ark. Atty. Gen. No. 079 (2018). ("Enhanced license holders may carry in [state offices], and those locations cannot prohibit concealed carrying by enhanced license holders by posting entryway signs under section 5-73-306( 18).") (Alteration in original.)

The right to bear arms is an important right that is guaranteed by the plain text of the Federal and Arkansas Constitutions. Reasonable time, place, and manner restrictions may be enacted by the General Assembly; that issue is not before us. The question is whether an agency of this state may usurp this power.

I respectfully dissent.

*Corbitt Law Firm, PLLC*, by: *Robert Steinbuch*, for appellant.

*James F. Goodhart*, *John P. Marks*, and *Christian N. Parks*, Arkansas Game and Fish Commission, for appellees.